UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL BITTON                             CIVIL ACTION

VERSUS                                     NO: 11-338

STATE FARM MUTUAL AUTOMOBILE               JUDGE JAY C. ZAINEY
INSURANCE CO.                              MAGISTRATE CHASEZ

## ORDER AND REASONS

The following motions are before the Court on the briefs without oral argument: Plaintiff's **Motion for Partial Summary Judgment (Rec. Doc. 35)**; State Farm's **Motion for Partial Summary Judgment as to Coverage (Rec. Doc. 39)**; and State Farm's **Motion for Partial Summary Judgment as to Application of Damages Cap as to Non-Pecuniary Damages (Rec. Doc. 40)**. All motions are opposed. The motions, submitted for consideration on April 25, 2012, are before the Court on the briefs without oral argument.

## I. BACKGROUND

Plaintiff Michael Bitton is a resident of Listowel, Ontario, Canada, who attends graduate school at Louisiana State University. In Listowel, Bitton lives with his parents, Steve and Anna Bitton. On May 15, 2010, Bitton was riding his bicycle on State Highway 327, also known as River Road, when he was struck by a 2005 Toyota Tundra truck driven by Marshall Hahn. Hahn fled the scene leaving Bitton with life threatening

1

injuries. Bitton was transported to Baton Rouge General Medical Center where he received life saving treatment. Bitton's medical bills from the accident exceeded $204,045.78, and Bitton claims to have sustained permanent disabling injuries as a result of the accident.[1] Bitton's injury claim exhausted Hahn's liability limits ($50,000.00) and the limits ($15,000.00) of Bitton's own Louisiana Uninsured Motorist Coverage, purchased on the vehicle that Bitton drove while away from home at college.[2]

Bitton filed this lawsuit to recover under the Family Protection Coverage endorsement or "OPCF 44R,"[3] which is part of

---

[1] State Farm disputes whether Plaintiff has in fact sustained permanent disabling injuries. (State Farm's Statement of Contested Facts, Rec. Doc. 45-1, ¶ 1).

[2] The foregoing factual background was taken from Plaintiff's memorandum in support of his coverage motion and opposition to State Farm's coverage motion. (Rec. Docs. 35-1 & 43).

[3] <u>O</u>ntario <u>P</u>olicy <u>C</u>hange <u>F</u>orm 44R. The coverage available pursuant to OPCF 44R is strictly optional and may be purchased in addition to the mandatory coverages imposed by the law of Ontario. *Uninsured* motorist coverage is mandatory in Ontario. But OPCF 44R offers additional optional coverage to protect the insured and other family members when an accident involves an inadequately or underinsured driver. See Despotopoulos v. Jackson, [1991] O.J. No. 1472. The Canadian insurance decisions reviewed by the Court suggest that in Ontario uninsured motorist coverage and family protection coverage are clearly recognized as two very distinct types of coverage. Protection from an inadequately or underinsured tortfeasor comes only with the payment of an extra premium beyond that paid for mandatory uninsured motorist coverage. Of course, in Louisiana we meld the two coverages together, pay a single premium for them, and simply refer to "uninsured" motorist coverage to designate coverage that applies in both the un- and under- insured situations. See La. Rev. Stat. Ann. § 22:1295(1)(a)(i) (West Supp. 2012).

2

his father's automobile insurance policy.[4] State Farm issued this policy to Mr. Bitton in the province of Ontario, in Canada, where the Bittons reside. Mr. Bitton's 44R endorsement has a $1,000,000.00 limit.

Less than a month after invoking jurisdiction in federal court, State Farm moved to dismiss the lawsuit based on a forum selection clause contained in Mr. Bitton's Ontario policy. (Rec. Doc. 6). State Farm argued that the forum selection clause contained in the policy was mandatory such that Plaintiff's suit should be dismissed and re-filed in an Ontario court. At the initial status conference held on November 10, 2011, the Court advised counsel for the parties that it would deny State Farm's motion with written reasons to follow.[5] (Rec. Doc. 27).

### 1. *The Parties' Cross Motions as to Coverage (Rec. Docs. 35 & 39)*

The issue presented by the parties' cross motions as to

---

[4] The OPCF 44 endorsement, called Family Protection Coverage, is optional coverage for Ontario drivers, though most have it. <u>Schneider v. Doe</u>, [2001] 51 O.R.3d 90, at ¶ 4. The purpose of Family Protection Coverage is to provide coverage for insured parties who are injured and where the at-fault driver's insurance coverage is insufficient to meet the extent of the insured's injuries. <u>Green v. State Farm Mut. Auto. Ins. Co.</u>, [2009] 75 C.C.L.I.4th 141, at ¶ 16.

[5] The Court's reasons for denying State Farm' motion are simple: The Court was not persuaded that the forum selection language that State Farm relied upon was mandatory so as to render this an invalid venue. Moreover, the Court was not persuaded that the Insurance Act's more potent language should control in lieu of the more permissive policy language itself.

3

coverage is whether certain exclusionary language contained in the Ontario policy voids coverage as to one of the two avenues in which Bitton seeks "dependent relative" coverage under the Family Protection Coverage of his father's policy.[6]  In particular, OPCF 44R § 1.2(c) defines a "dependent relative" as "a relative of the named insured or of his or her spouse, who resides in the same dwelling premises as the named insured."  (Rec. Doc. 35-2, Exh. 6).  But § 1.2(c) applies "only where the person injured or killed is not an insured as defined in the *family protection coverage* of any other policy of insurance or does not own, or lease for more than 30 days, an automobile which is licensed in any jurisdiction of Canada where family protection coverage is available."  (OPCF 44R § 1.2 (emphasis added), Rec. Doc. 35-2, Exh. 6).  OPCF 44R defines *family protection coverage* as "the insurance provided by this change form and *any similar indemnity provided under any other contract of insurance.*"  (OPCF 44R § 1.4

---

[6] Again, the policy at issue is Plaintiff's father's policy so Michael Bitton is not a named insured.  The policy provides, however, coverage to a "dependent relative," a term that the OPCF 44R endorsement specifically defines.  In this lawsuit Bitton is relying upon two aspects of the dependent relative definition, one involving financial dependence on the named insured, and another which simply applies to any relative of the named insured, who resides in the same dwelling as the named insured (regardless of financial dependence).  It is the latter aspect of "dependent relative" coverage, which presents a question of pure law, that is at issue in these motions.  Whether Bitton can claim Family Protection Coverage as a financial dependent is not at issue at this time.  Plaintiff suggests that adjudication of the issue of financial dependence will require extensive discovery and likely a trial on the merits.  (Plaintiff's reply, Rec. Doc. 54, at 1).

4

(emphasis added)). State Farm's contention is that Plaintiff's $15,000.00 Louisiana UM policy constitutes "similar indemnity" thereby depriving Michael Bitton of dependent relative status under § 1.2(c).

Plaintiff does not dispute that the law of Ontario, Canada governs the interpretation of the policy. (Plaintiff's memorandum in support, Rec. Doc. 35-1, at 1). Moreover, the parties are in agreement that the rules of contract interpretation applicable in Ontario are in accord with the rules of contract interpretation in Louisiana. (Plaintiff's memorandum in support, Rec. Doc. 35-1, at 5; State Farm's memorandum in support, Rec. Doc. 39-1, at 6).

Insurance policies, like other contracts, are to be interpreted based on the plain and ordinary meaning of the language used therein absent any special or defined meanings set out in the contract. RBC Travel Ins. Co. v. Aviva Can. Ltd., [2006] 82 O.R.3d 490. As a general rule, clauses in an insurance policy providing coverage are interpreted liberally or broadly in favor of the insured and those clauses excluding coverage are construed strictly against the insurer. Chilton v. Co-Operators Gen. Ins. Co., [1997] 32 O.R.3d 161, at ¶ 19 (citing Lloyd's London Non Marine Under. v. Chu, [1977] 2 S.C.R. 400).

In Ontario, the basic automobile insurance policy and optional endorsements are comprised of standard forms drafted by

the insurance industry and approved by the Commissioner of Insurance. Id. at ¶¶ 11, 25. Any ambiguities are therefore resolved against the insurer. Id. at ¶ 25. The ambiguity principle resolves conflicts between two reasonable but differing interpretations of the policy. Id. at ¶ 26. The plain meaning of the policy language should be respected. Ambiguities should not be judge-made--they should be apparent from a reasonable reading of the policy. RBC Travel, 82 O.R.3d 490, at ¶ 10. It might be appropriate to consider the reasonable expectations of the parties when an ambiguity must be resolved. See Chilton, 32 O.R.3d 161, at ¶ 28. But any attempt to delve into the intent of the parties to an Ontario auto insurance policy is rather fictional because the policy is based on standard forms, the terms of which are not subject to negotiation. See Schneider, 51 O.R.3d 90 at ¶ 13. The driving public can either accept or reject the coverage that is available but it cannot modify the words of the policy. Id.

Turning now to the instant case, Plaintiff's ability to qualify as a "dependent relative" under § 1.2(c) of OPCF 44R depends on whether or not Michael Bitton is an insured person as defined in the family protection coverage of any other policy of insurance.[7] "Family Protection Coverage" is the formal name that

---

[7] The exclusionary language that constrains § 1.2(c) also encompasses the situation where the injured person owns, or leases for more than 30 days, an automobile which is licensed in

6

the Canadian insurance industry has given to the *underinsured* motorist coverage provided by OPCF 44R, and it is undisputed that Michael Bitton is not an insured person under any other Canadian auto policy, much less one including another OPCF 44R option. But OPCF 44R expressly defines the term "family protection coverage" so as to be broader than the specific Family Protection Coverage provided by OPCF 44R. For purposes of determining "dependent relative" status under § 1.2(c) "family protection coverage" means the insurance provided by OPCF 44R *and* "any similar indemnity provided under any other contract of insurance." Thus, dependent relative status in this case turns on whether Michael Bitton's $15,000.00 Louisiana UM policy constitutes "similar indemnity" to the coverage provided by OPCF 44R.

State Farm, as the proponent of the "similar indemnity" exclusion, advises that a Canadian court of appeal has not specifically considered the meaning of the phrase "similar indemnity." (State Farm memorandum in support, Rec. Doc. 39-1, at 11). But State Farm does direct the Court's attention to <u>Gurniak v. Nordquist</u>, [2003] 2 S.C.R. 652, a decision issued by Canada's highest court, wherein it considered the meaning of the

---

any jurisdiction of Canada where family protection coverage is available. (OPCF 44R § 1.2, Rec. Doc. 35-2, Exh. 6). This second aspect of the exclusionary language is not at issue in this case.

descriptor "similar" for purposes of applying § 25 of the Insurance Act of British Columbia. Section 25 of the Act allowed for tort recovery for motor vehicle injuries subject to a deduction for similar benefits received under other plans or policies. The plaintiffs in Gurniak had already received various benefits under Quebec's no fault insurance scheme. The majority noted that "similar" does not mean "identical." Id. at ¶ 31. Further, "similar" does not refer to the system of law in which the benefits originate, the overall regime under which they are administered, or the legal process by which they are claimed. Id. For purposes of § 25 of the Insurance Act, "similar" simply means that the benefits in question must be of the same general nature or character as the benefits described in the analogous sections of British Columbia's Insurance Act. Id.

Meanwhile Plaintiff directs the Court's attention to the decision in Graham v. Ontario (Superintendent, Financial Services Commission), [2010] O.J. No. 5602, which was issued by a trial court in Ontario. In Graham, the presiding judge considered whether the Family Protection Endorsement available in Nova Scotia constituted "similar indemnity" so as to trigger the § 12(c) exclusion in an Ontario OPCF 44R.[8] The court began by

---

[8] Graham specifically dealt with the second aspect of the § 12(c) exclusionary language that is not at issue in this case. See note 7, supra. In Graham, the plaintiff owned a car that was registered in Nova Scotia thereby potentially triggering the second aspect of the § 12(c) exclusionary language. The trial

8

recognizing that two coverages can be similar without being identical.  Id. at ¶ 21.  The court concluded that the family protection endorsements of Ontario and Nova Scotia were not similar because the version available in Nova Scotia did not apply to accidents involving unidentified drivers, whereas in Ontario it did.  Id.  The Graham plaintiff had been injured by an unidentified hit-and-run driver so the coverage that might have been available for the plaintiff to purchase in Nova Scotia would not have covered her injuries.  Id.

To be sure, UM coverage under Louisiana law and Family Protection Coverage under Ontario law are not "identical" coverages but of course they need not be for purposes of the § 12(c) exclusion because similarity is not nearly as high a hurdle to clear as being identical.  But the problem with the phrase "similar indemnity," as Plaintiff points out in his ambiguity argument, is that the term "similar" can encompass limitless degrees of likeness that fall anywhere short of being identical.  Regardless of how one defines the term "similar," similarity is a subjective determination subject to differences of opinion.

For instance, State Farm is certainly correct in its assertion that the coverages provided by OPCF 44R and Plaintiff's

---

court's consideration of the phrase "similar indemnity" in Graham is still relevant to this case, even if not binding, because the "family protection coverage" definition from OPCF 44R § 1.4 applies to both § 12(c) exclusions.

Louisiana UM policy are of the same general nature or character because both provide extra protection when the tortfeasor's liability limits are insufficient to pay for damages sustained in a motor vehicle accident. But the coverages are also subject to many differences one of which is the fact that OPCF 44R is a completely optional coverage that the insured must affirmatively elect to purchase whereas underinsured coverage in Louisiana comes bundled with mandatory liability insurance unless the insured affirmatively rejects it. Thus, the subjective determination of similarity will turn on which characteristics one chooses to ignore. A given coverage situation can arguably involve a "similar indemnity" situation, without changing any facts but again simply by arbitrarily choosing to ignore certain characteristics of the policies. If enough characteristics are ignored virtually any another other type of insurance can constitute "similar indemnity."

Based on the foregoing the Court is persuaded that this case presents a situation where there is a conflict between two reasonable but differing interpretations of the policy. Simply, the term "similar indemnity" is ambiguous under the facts of this case. It therefore must be interpreted against the insurer, State Farm.

Accordingly, Michael Bitton can obtain dependent relative status under § 1.2(c). State Farm's motion for partial summary

judgment is DENIED and Plaintiff's is GRANTED.

### 2. *Applicability of the Canadian Damages Cap*

State Farm moves for partial summary judgment on the application of Canada's limitation or cap on non-pecuniary damages. The Family Protection Coverage endorsement provides: "In determining the amount that an eligible claimant is entitled to recover from the inadequately insured motorist, *issues of quantum are to be determined by the law of Ontario*, and issues of liability shall be decided in accordance with the law of the place where the accident occurred." (Rec. Doc. 40-4, State Farm Exh. A, § 10 (emphasis added)).

Plaintiff concedes that the damages cap is well-established jurisprudential law in Canada. (Rec. Doc. 44, Plaintiff's memorandum in support, at 2). But Plaintiff contends that under the plain language of § 10 of OPCF 44R, the damages cap is not triggered because Plaintiff is trying to recover from State Farm–-not an "inadequately insured motorist."

This argument is not persuasive because when seeking coverage under OPCR 44R the eligible claimant will always be pursuing his insurer. But for the other driver being "inadequately insured," the claimant would not be making a claim against the insurer. In other words, a coverage claim under OPCF 44R will never be brought against the other inadequately insured driver. Thus, Plaintiff's argument that the cap does not apply

in this case because the actual defendant is not an inadequately insured driver is unpersuasive.

Alternatively, Plaintiff argues that if the Court finds the damages cap to be applicable then choice of law rules mandate that the Court apply Louisiana law.  This argument is likewise unpersuasive.  Plaintiff is not suing the tortfeasor in this case but rather his father's underinsured motorist insurer.  As Plaintiff himself points out, Family Protection Coverage is a variety of first-party coverage. (Plaintiff's opposition, Rec. Doc. 44, at 3).  If Plaintiff can establish himself as an "eligible claimant" under OPCF 44R then he will have standing to sue to enforce his contractual rights under his father's policy.  The contract between the parties clearly requires that quantum be determined under the laws of Ontario.  Plaintiff has already recognized that the laws of Ontario govern interpretation of the policy.  If the Court had granted State Farm's motion to dismiss and forced Plaintiff to refile this lawsuit in an Ontario court then there would have been no question as to whether the damages cap applies.  Plaintiff cannot alter the parties' contractual agreement in so substantive a manner simply because he has been allowed to pursue his claim in this venue.  State Farm's motion for partial summary judgment as to the damages cap is GRANTED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that Plaintiffs' **Motion for Partial Summary**

**Judgment (Rec. Doc. 35)** is **GRANTED;**

**IT IS FURTHER ORDERED** that State Farm's **Motion for Partial Summary Judgment as to Coverage (Rec. Doc. 39)** is **DENIED;**

**IT IS FURTHER ORDERED** that State Farm's **Motion for Partial Summary Judgment as to Application of Damages Cap as to Non-Pecuniary Damages (Rec. Doc. 40)** is **GRANTED.**

July 26, 2012

          *[signature]*
          JAY C. ZAINEY
          UNITED STATES DISTRICT JUDGE